**IN THE COURT OF APPEALS OF IOWA**

No. 19-1368
Filed October 23, 2019

**IN THE INTEREST OF F.P.,**
**Minor Child,**

**N.P., Mother,**
  Appellant.

_____

Appeal from the Iowa District Court for Polk County, Colin J. Witt, District

Associate Judge.

A mother appeals a juvenile court order terminating her parental rights.

**AFFIRMED.**

Marshall W. Orsini of Law Offices of Marshall W. Orsini, PLLC, Des Moines,

for appellant mother.

Thomas J. Miller, Attorney General, and Anna T. Stoeffler (until withdrawal)

and Mary A. Triick, Assistant Attorneys General, for appellee State.

Nicole Garbis Nolan of Youth Law Center, Des Moines, guardian ad litem

for minor child.

Considered by Potterfield, P.J., Greer, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**VOGEL, Senior Judge.**

A mother appeals a juvenile court order terminating her parental rights to her daughter. We find there is sufficient evidence in the record that the child cannot be returned to the mother, termination is in the child's best interests to give the child stability, and custody of the child with her father does not militate against termination. We affirm the decision of the juvenile court.

## I.      Background Facts & Proceedings

N.P., mother, and J.G., father, are the parents of F.P., born in 2006. The mother has a long history of drug use, mental-health problems, and criminal behavior. The family became involved with the Iowa Department of Human Services (DHS) in July 2017 because the mother was using methamphetamine and stabbed a man in her apartment. The child was moved to the father's care in August. In January 2018, in separate civil proceedings, the father was granted sole legal custody and the mother was granted supervised visitation. In February 2018, the mother was arrested for domestic abuse assault against her boyfriend, B.F., who reported the mother was "off her meds and has violent tendencies." Shortly before the termination hearing, the mother married B.F., despite knowing he was a sex offender.

On June 11, 2018, the child was adjudicated to be in need of assistance (CINA), pursuant to Iowa Code section 232.2(6)(c)(2) and (n) (2018). The mother has been diagnosed with schizoaffective disorder, generalized anxiety disorder, cannabis abuse, and other stimulant abuse. The mother has been treated periodically over the years for these issues with little success.

In a review order, filed on January 23, 2019, the juvenile court determined the mother would have not visitation "until such time as she is engaged in mental health therapy, she has completed a full psychological evaluation, she has provided a clean drug screen, and she has met with [the child's] therapist without [the child] present."  In the early morning of January 29, 2019, after the father had gone to work, the mother banged on the windows and doors of the father's home, wanting to talk to the child.  The police were called, and the child's grandmother was able to transport her to school.  Later in the day, the mother also caused a scene at the child's school.  She appeared to be under the influence of a mood-altering substance and was eventually escorted off the premises by the police.  Both events caused more trauma to the child, resulting in the court entering an order prohibiting the mother from having contact with the child.

On May 2, the State filed a petition seeking to terminate the mother's parental rights.  The juvenile court terminated her rights under section 232.116(1)(f) (2019).[1]  The court found there was clear and convincing evidence to show the child "cannot be safe physically and emotionally in her Mother's custody.  Even part-time custody as part of a divorce decree."  The court found

---

[1] Under section 232.116(1), the court may terminate parental rights if it finds all of the following:
>    (1) The child is four years of age or older.
>    (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
>    (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
>    (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

termination was in the child's best interests. The court stated, the mother "just hasn't been able to make the changes or rise to the level of being a safe and minimally adequate parent for [the child] who can interact with her in a healthy and safe and consistent manner." The court also found none of the exceptions in section 232.116(3) applied. The mother now appeals.

## II.     Standard of Review

Our review of termination proceedings is de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). "'Clear and convincing evidence' means there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000) (citation omitted). Our primary concern is the best interests of the child. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

## III.     Sufficiency of the Evidence

The mother claims there is not sufficient evidence in the record to support termination of her parental rights. She does not dispute the first three elements of section 232.116(1)(f), but she claims the State did not adequately prove the fourth element, that the child could not be returned to her care. She points out she had reengaged in mental-health counseling since the January 2019 no-contact order was entered. The mother states she now has housing, is living alone, and is appropriate for at least part-time care of the child.

Notwithstanding these assertions, we find there is clear and convincing evidence in the record to show the child could not be safely returned to the mother's care. The child's therapist reported in late December 2018 that the child was extremely confused and upset when visiting with the mother and requested

only supervised visits. In order to keep the child safe from the mother's erratic behavior, a no-contact order was entered in January 2019. Having shown no recent progress in her ability to safely provide for the child, we cannot agree with the mother's request for part-time care of the child. We conclude the juvenile court properly terminated the mother's rights under section 232.116(1)(f).

## IV.     Best Interests

The mother next asserts termination of her parental rights is not in the child's best interests. In considering the best interests of a child, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (quoting Iowa Code § 232.116(2)). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.* at 41.

We agree with the juvenile court that termination of the mother's parental rights is in the child's best interests because the mother could not provide for the child's physical, mental, and emotional needs. The mother continues to have significant volatility and instability. The child, who was thirteen years old at the time of the termination hearing, did not object to having her mother's rights terminated. The child sought certainty in knowing where she was going to live and who was going to be taking care of her, and she found stability in the father's care. The mother also asserts termination of her rights would be detrimental to the child because of the lack of child support she would be required to provide. However,

the mother admitted at the termination hearing that she had not provided any financial support since August 2017, because she had not "been asked to do anything."

## V. Exceptions

Finally, the mother claims the court should have decided not to terminate her parental rights because the child was in the legal custody of the father. *See* Iowa Code § 232.116(3)(a). The factors in section 232.116(3) are permissive, not mandatory. *In re D.S.*, 806 N.W.2d 458, 474–75 (Iowa Ct. App. 2011). In deciding whether to apply an exception to termination, we consider "the unique circumstances of each case and the best interests of the child." *In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014) (citation omitted).

We concur in the juvenile court's conclusion that an exception to termination under section 232.116(3) should not be applied in this case. At the termination hearing, the mother agreed the conflict between her and the father about the physical care of the child had been going on too long. It is in the child's best interests to give the child the stability of knowing she will remain in her father's care, without the uncertainty of whether she could be forced back into the unsettling trauma of living with or visiting her mother.

We affirm the decision of the juvenile court.

**AFFIRMED.**